USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/5/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

BI YU LI,

                               Petitioner,

         -v-

CHRISTOPHER SHANAHAN et al.,

                               Respondents.

------------------------------------------------------------------X

16 Civ. 2351 (PAE) (BCM)

<u>OPINION AND ORDER</u>

PAUL A. ENGELMAYER, District Judge:

On March 30, 2016, petitioner Bi Yu Li filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, seeking relief from her continuing detention by the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE). Dkt. 1. On April 1, 2016, the Court referred the case to Magistrate Judge Barbara C. Moses for habeas corpus review. Dkt. 5.

On April 14, 2016, respondents moved to dismiss Li's petition as moot, because she had been deported by airplane on April 5, 2016, and was thus no longer in the country or subject to detention by ICE. Dkt. 8.

On October 25, 2016, Magistrate Judge Moses issued a Report and Recommendation to this Court (the "Report"), recommending that the Court grant the motion to dismiss. Dkt. 11. The Report stated that Li was required to file any objections within 14 days from the date of the Report's issuance. *See* Report at 6. To date, the Court has received no objections.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28

U.S.C. § 636(b)(1)(C). When specific objections are made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009) (citing *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)); *see also Edwards v. Fischer,* 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citation omitted).

## CONCLUSION

Careful review of the thorough and well-reasoned Report reveals that there is no facial error in its conclusion, and, indeed, that it is clearly correct. The parties' failure to file written objections precludes appellate review of this decision. *See Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam). Indeed, the Report specifically states that "failure to file timely objections will preclude appellate review." Report at 6.

The Report, which is incorporated by reference herein, is therefore adopted without modification. Respondents' motion to dismiss the petition for habeas corpus is granted. The Clerk of Court is directed to close this case.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: December 5, 2016
       New York, New York